# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SOURCEHOV HOLDINGS, INC. AND PANGEA ACQUISITIONS, INC., | § § § § § | No. 362, 2019 |
| Defendants Below, Appellants, | § § § § | Court Below–Court of Chancery of the State of Delaware |
| v. | § § | C.A. No. 2018-0280 |
| WESTERN STANDARD, LLC, Individually and as Stockholder Representative for Former BancTec, Inc. Common Stockholders, | § § § § § | |
| Plaintiff Below, Appellee. | § § | |

Submitted: August 22, 2019
Decided: September 3, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the notice of interlocutory appeal, the supplemental notice of appeal, their exhibits, and the Court of Chancery's order denying Defendants' motion for certification of an interlocutory appeal, it appears to the Court that:

(1) The defendants below-appellants SourceHOV Holdings, Inc. ("SourceHOV") and Pangea Acquisitions, Inc. ("Pangea") (collectively, "Defendants") have petitioned this Court under Supreme Court Rule 42 to accept

an interlocutory appeal from a Court of Chancery decision denying Defendants' motions to dismiss.[1]

(2)   In 2014, Pangea acquired BancTec, Inc. ("BancTec") through a merger of BancTec and a Pangea subsidiary. The merger agreement provides that contingent consideration, or "earn-out," will be paid to former BancTec stockholders in the event Pangea's controlling stockholder realizes certain returns from its post-merger Pangea stock. The merger agreement between Pangea and BancTec designates plaintiff, Western Standard, LLC ("Western Standard"), as the stockholder representative for BancTec stockholders. Western Standard alleges that Pangea improperly refused to pay the earn-out owed to former BancTec stockholders after a merger between SourceHOV—which by then had bought Pangea in a reverse triangular merger—and Exela Technologies, Inc.

(3)   Defendants moved to dismiss Western Standard's amended complaint arguing, among other things, that Western Standard failed to state a claim upon which relief may be granted because the earn-out right was extinguished before any alleged triggering transaction. Specifically, Defendants argued the earn-out was moot because it was tied to specific shares of stock that ceased to exist upon and as a result of a reverse triangular merger between Pangea and SourceHOV. The Court of Chancery denied the motions, concluding that (i) the shares to which

---

[1] *Western Standard, LLC v. SourceHOV Holdings, Inc.*, 2019 WL 3322406 (Del. Ch. July 24, 2019).

the earn-out right allegedly attached did not conclusively cease to exist after the merger between Pangea and SourceHOV; and (ii) the Pangea-BancTec merger agreement's earn-out provision was ambiguous as written.

(4) On August 5, 2019, Defendants asked the Court of Chancery to certify an interlocutory appeal from the court's July 24, 2019 opinion and order. Defendants maintained that the Court of Chancery's decision decided a substantial issue of material importance. Defendants further argued that the following Rule 42(b)(iii) factors weighted in favor of granting interlocutory review: the opinion is in conflict with Delaware case law;[2] the opinion relates to the construction of § 251 of Delaware General Corporation Law[3] and should be settled promptly by the Delaware Supreme Court;[4] and immediate review of the opinion may terminate the litigation.[5] Western Standard opposed the application.

(5) On August 21, 2019, the Court of Chancery denied Defendants' application for certification of an interlocutory appeal. The Court of Chancery found that its opinion had not decided an issue that related to the merits of the case and, therefore, did not merit interlocutory review. The Court of Chancery also concluded that the Rule 42(b)(iii) factors did not weigh in favor of certifying an interlocutory appeal. The court rejected Defendants' position that its opinion

---

[2] Del. Supr. Ct. R. 42(b)(iii)(B).
[3] 8 *Del. C.* § 251.
[4] Del. Supr. Ct. R. 42(b)(iii)(C).
[5] Del. Supr. Ct. R. 42(b)(iii)(G).

3

conflicts with existing trial court decisions; rather, the court observed that this case presented unique factual circumstances. The court further found that the opinion did not purport to construe § 251, noting the court's conclusions when considering the motions to dismiss were premised on the language of the agreements among the parties and Western Standard's amended complaint. Finally, the court found that interlocutory review may not terminate the litigation due to the existence of other outstanding issues in the case. We agree with the Court of Chancery.

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[6] Giving great weight to the trial court's thoughtful analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[7] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[8]

---

[6] Del. Supr. Ct. R. 42(d)(v).
[7] Del. Supr. Ct. R. 42(b)(ii).
[8] Del. Supr. Ct. R. 42(b)(iii).

4

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice